```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN

PATRICE HALE BROWN,                    )
                                       )
                                       )    CASE NO. 2011-06
                    Plaintiffs,        )
v.                                     )
                                       )
                                       )
LORILLARD, INC., LORILLARD TOBACCO     )
CO., WORLD FRESH MARKET, LLC d/b/a     )
Pueblo, BELLOWS INTERNATIONAL, INC.,   )
and WEST INDIES CORPORATION,           )
                                       )
                    Defendants.        )
```

**REPORT AND RECOMMENDATION REGARDING MOTION FOR REMAND**

This matter is before the Court on plaintiff's motion to remand this case to the Superior Court. Plaintiff Brown has sued the manufacturer, distributors and retailers of certain cigarettes, alleging that she was injured as a result of the use of that product. The complaint states a wide array of theories of liability, and contains 15 counts. Among the asserted causes of action are strict liability, fraudulent concealment and misrepresentation, civil conspiracy to misrepresent and commit fraud, breach of duty of good faith and fair dealing, negligence, gross negligence, breach of warranty, failure to provide adequate warnings, unjust enrichment, and intentional and negligent infliction of emotional distress.

Asserting that Brown's complaint is "founded on a claim or right arising under ... the laws of the United States,[1]" Lorillard

---

[1] Notice of Removal (ECF 1), at 1 (quoting 28 U.S.C. §1331).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 2 of 16

Tobacco Company (hereafter "Lorillard") timely removed the matter to this Court. Lorillard contended that removal was proper because Brown's "territorial-law tort claims" implicate significant federal issues, and thus arise under federal law for purposes of removal.[2] This is so, Lorillard claimed, because it viewed the allegations in Brown's Count Twelve and elsewhere in the 15-count complaint to be an attack on the federal warning scheme Congress established in enacting and later amending the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331, *et seq.* (the "Labeling Act").[3]

Brown then moved to remand. Brown alleges that this case is "a products liability action brought under the Territorial laws of the Virgin Islands"[4] and thus it does not present any federal law issues. Plaintiff argues that her complaint asserts no claims arising under federal law, and challenges defendant's "recharacterization" of her Territorial and common law claims regarding warnings as ones arising under federal law. Further, Brown contends that Lorillard's reliance on the Labeling Act as the basis for removal is simply an assertion of federal preemption as a defense, and that removal on that basis is improper.[5]

---

[2] Notice of Removal (ECF 1), at ¶¶ 11-12.

[3] Notice of Removal (ECF 1).

[4] Plaintiff's Motion for Remand to Superior Court (ECF 11), at p. 1.

[5] *Id.* at pp. 7-9.

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 3 of 16

I.   The Legal Standard for Removal and Remand

An action may be removed to federal district court if the district court would have had original jurisdiction over the matter.[6]  If the parties are not diverse,[7] and the matter does not sound in admiralty,[8] then this Court's jurisdiction must be based on the existence of a federal question under 28 U.S.C. § 1331 ("Section 1331").[9]  Under this standard, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."[10] "Federal question jurisdiction exists when the plaintiff's well-pleaded complaint establishes that federal law creates the cause of

---

[6]  *See* 28 U.S.C. § 1441(a) (2002).  It provides in part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[7] *See* 28 U.S.C. § 1332(a) (2005).

[8] *See* 28 U.S.C. § 1333(1) (1949).

[9] Pursuant to Section 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1980).  *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

[10]  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)(emphasis in original).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 4 of 16

action."[11] "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."[12]

On the other hand, if the court finds that a plaintiff has "artfully pleaded" a cause of action by omitting necessary federal questions, "it may uphold removal even though no federal question appears on the face of the plaintiff's complaint."[13] Moreover, removal is appropriate only where federal law completely preempts otherwise well-pled state law claims.[14] In such situations,

> the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule . . . . Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.[15]

However, "[e]ven when the area involved is one where complete preemption is the norm, if the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state

---

[11] *Metropolitan Life Ins. Co. v. Price,* 501 F. 3d 271, 276 (3d Cir. 2007) (citation and quotations omitted).

[12] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998) (citations omitted).

[13] *Rivet,* 522 U.S. at 475.

[14] *See In re Community Bank of Northern Virginia,* 418 F. 3d 277, 293-94 (3d Cir. 2005) ("[T]he complete preemption doctrine is an 'independent corollary' to the well-pleaded complaint rule," *quoting Caterpillar, Inc.,* 482 U.S. at 393).

[15] *Caterpillar,* 482 U.S. at 393.

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 5 of 16

court."[16]  In the absence of complete preemption then, preemption is only a federal defense, and a federal defense by itself does not confer jurisdiction on a federal court.[17]

For an action to "arise under" federal law within the meaning of Section 1331, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."[18]  In addition, a federal court may have subject matter jurisdiction in a case where federal issues are "embedded" in otherwise wholly state-law claims.[19]

Finally, in considering a motion to remand, the removing party has the burden of showing that removal was proper.[20] The removal statute is to be strictly construed, with all doubts resolved in favor of remand.[21] Moreover, "[a] removed case will be remanded .

---

[16] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998)).

[17] *Allstate Insurance Co. v. 65 Sec. Plan*, 879 F.2d 90, 93 (3d Cir. 1989)(a party may not remove by relying on a federal defense).

[18] *Franchise Tax Board*, 463 U.S. at 10-11 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112 (1936).

[19] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).

[20] *Boyer v. Snap-on Tools Corp*, 913 F.2d 108, 111 (3d Cir. 1990); *Feuerzeig v. Innovative Communication Corp.*, 174 F. Supp. 2d 349, 353 (D.V.I. 2001).

[21] *Sikirica v. National Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); see also *Feuerzeig*, 174 F. Supp. 2d at 353.

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 6 of 16

. .'if at any time before final judgment, it appears that the district court lacked subject matter jurisdiction.'"[22]

II. Analysis

Here, there is no assertion of diversity or admiralty jurisdiction; thus, jurisdiction in this Court must be premised on the existence of a federal question. To find such a question, defendants focus on Brown's Counts Eleven and Twelve, which each contain in the title "Product Defect Under Virgin Islands Law" and "Failure to Provide Adequate Warning." Defendants contend that the allegations in these Counts constitute an "attack on the federally-mandated warnings" prescribed by the Labeling Act,[23] and conclude that "[w]hether a scheme imposed by federal law and deemed by Congress to be adequate to resolve the issues it was intended to resolve is 'defective,' 'inadequate,' or 'ineffective' is a question of federal law."[24]

Brown strongly denies any attempt to state a federal cause of action in her complaint, and none is readily apparent, despite references to an area regulated by federal law: warnings related to cigarette use. Therefore, the Court's inquiry must begin with

---

[22] *Danielson v. Innovative Communications, Corp.*, 2008 U.S. Dist. LEXIS 48163, at *5 (D.V.I. 2008)(quoting 28 U.S.C. §1447(c)(1996)).

[23] Defendants' Opposition to Plaintiff's Motion to Remand (ECF 15), at p. 9 (in text); Defendants' Memorandum of Law in Response to the Court's Supplemental Jurisdiction Inquiry (ECF 48), at n. 4.

[24] Notice of Removal (ECF 1) at p. 5, ¶ 18.

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 7 of 16

a determination as to whether the federal legislation at issue here is such that there is "complete preemption;" in other words, whether the Labeling Act's force "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim."[25]

This inquiry reveals that the Labeling Act, which has specific preemption provisions, has not been deemed to be completely preemptive, but rather has been construed only as preempting some state-law damages actions, including some based on a failure to warn. In *Cipollone v. Liggett Group, Inc.*,[26] the Supreme Court scrutinized Congress' intent in enacting the Labeling Act, observing that Congress' purpose is "the ultimate touchstone" of preemption analysis.[27] The Supreme Court concluded that "[t]he 1965 Act did not pre-empt state-law damages actions;" and

> the 1969 Act pre-empts petitioner's claims based on a failure to warn and the neutralization of federally mandated warnings to the extent that those claims rely on omissions or inclusions in respondents' advertising or promotions; the 1969 Act does not pre-empt petitioner's

---

[25] *Caterpillar,* 482 U.S. at 393.

[26] 505 U.S. 504 (1992). Plaintiffs brought this action in federal court based on diversity, and alleged that as a result of smoking defendants' cigarettes, one of the plaintiffs developed lung cancer. The complaint alleged causes of action for breach of express warranties in advertising, failure to warn about the hazards of smoking, fraudulent misrepresentation of the hazards, and conspiracy to deprive the public of information about smoking. *Id.* at 509-10.

[27] *Id.* at 516 (internal citations omitted).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 8 of 16

    claims based on express warranty, intentional fraud and misrepresentation, or conspiracy.[28]

Further, the Cipollone Court found that state-law claims based solely on "testing or research practices or other actions unrelated to advertising or promotion" were not preempted.[29]

Without complete preemption, the Court must then determine whether, as defendants argue, Brown's claims otherwise "arise under" federal law such that removal is appropriate.[30] Defendants point to *Grable* as enunciating the test for deciding this question. In *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*,[31] upon which defendants rely, the United States Supreme Court recognized that it had refrained from "stating a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties,"[32] and cautioned that even where the "state action discloses a contested and substantial federal question, the exercise of federal

---

[28] *Id.* at 530-31.

[29] *Id.* at 524-25. See also *Altria Group, Inc. v. Good*, 555 U.S. 70 (2008) (holding that neither the Labeling Act nor the Federal Trade Commission's action in this area preempted a state-law fraud claim based on a duty not to deceive); *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1147 (9th Cir. 2005) (noting that not all failure to warn claims are preempted).

[30] E.g., *Von Essen v. C.R. Bard, Inc.*, 2007 U.S. Dist. LEXIS 56311, at *4 (D.N.J. June 18, 2007).

[31] 545 U.S. 308 (2005).

[32] 545 U.S. at 314 (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 821 (1988)(Stevens, J., concurring)).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 9 of 16

jurisdiction is subject to a possible veto."[33]  This "veto," according to the *Grable* Court, could arise, for example, where exercising federal jurisdiction over a particular class of cases might "attract[] a horde of original filings and removal cases raising other state claims with embedded federal issues."[34]  The *Grable* Court framed the relevant inquiry as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[35]

Cases interpreting aspects of the *Grable* test are instructive. In *Mack v. Ventracor, Ltd.*,[36] the court noted that even where the

---

[33] 545 U.S. at 313.

[34] *Id*. at 318.  The *Grable* Court discussed at length *Merrell Dow Phamaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), which had declined to find federal question jurisdiction over a claim against a drug company resting in part on an allegation of a violation of a federal labeling statute.  Although it has been read to turn on whether the federal statute at issue provided a private right of action, the *Grable* Court suggests *Merrell Dow* was more about making a "contextual enquiry" into whether there is congressional intent to exercise federal jurisdiction over particular state claims, with the statutory provision of a private right of action being one factor to consider.  545 U.S. at 318.

In *McKay v. Republic Tobacco Co.*, 2001 U.S. Dist. LEXIS 1222, at *6 (E.D. Pa. Feb. 13, 2001)(citing *Mangini v. R.J. Reynolds Tobacco Co.,* 793 F. Supp. 925, 927 (N.D. Ca. 1992)), the court observed that the legislation at issue here does not provide a private right of action.

[35] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 314 (2005).

[36] 2011 U.S. Dist LEXIS 24567 (E.D. Pa. Mar. 9, 2011).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 10 of 16

plaintiff does not raise a federal claim on the face of the complaint, "'arising under' jurisdiction still exists where . . .: (1) a substantial federal question remains embedded in the state law claim."[37]  In assessing the "substantiality" of a purported federal interest, "courts assess the extent to which exercise of jurisdiction is consistent with Congressional intent, and look to whether the underlying federal issue is sufficiently 'substantial' to demonstrate a clear indication of 'a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'"[38] The "substantiality" aspect of the first prong of *Grable* is not met where there is no clear congressional intent to confer federal jurisdiction over claims involving the federal statute at issue.[39] And, if there is no "actually disputed" issue of federal law, an inquiry into substantiality is "superfluous."[40]  Courts have found the first prong of the *Grable* test unmet where the claim does

---

[37] *Id.* at * 23. However, in the "absence of congressional intent to provide an exclusive federal remedy, it is well established that merely asserting the federal defense of preemption does not give rise to federal question jurisdiction." *Id. at* *28-29 (citing *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003)).  The *Mack* Court read *Grable* to mean in part that Congress conferred no federal question jurisdiction where a statute provides no federal cause of action and where all state remedies are not preempted.  *Id.* at *38-39 (citing *Grable*, 545 U.S. at 318 and *Merrell Dow*, 478 U.S. 804).

[38] *Commonwealth of Pennsylvania v. Eli Lilly & Company, Inc.*, 511 F. Supp. 2d 576, 583 (E.D. Pa. 2007 (citations omitted).

[39] *Id.* at 586.

[40] *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc.*, 415 F. Supp. 2d 516, 525 (E.D. Pa. 2005).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 11 of 16

not "involve interpretation of specific and unsettled language contained within a provision of federal law,"[41] or where determining the merits of the claims "does not depend on construction of federal law."[42]

Next, the second part of the *Grable* analysis must be undertaken:

> Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.[43]

---

[41] *Kantha v. Pacific Life Insurance Company*, 2006 U.S. Dist. LEXIS 63285, at *6 (D.N.J. Sept. 6, 2006)(construing insurance policies in light of applicable federal laws).

[42] *Fagin v. Gilmartin*, 2007 U.S. Dist LEXIS 7256, at *13 (D.N.J. Feb. 1, 2007) (shareholder's derivative suit which alleged false filings with the SEC); see also *Commonwealth of Pennsylvania v. Eli Lilly & Company, Inc*., 511 F. Supp. 2d at 583; Von *Essen v. C.R. Bard, Inc.,* 2007 U.S. Dist. LEXIS 56311, at *6.

[43] *Commonwealth of Pennsylvania v. Eli Lilly & Company, Inc.,* 511 F. Supp. 2d at 586. The court there declined to find federal jurisdiction because

> [t]he exercise of federal jurisdiction, however, would upset the balance between state and federal courts because it would, in direct contravention of Merrell Dow and Grable, open the federal courthouse to any number of state law causes of actions that invoke a federal standard or stand against the backdrop of a federal regulatory scheme. Where such claims are fact-specific and wholly based on state law, federal jurisdiction will neither further national uniformity, nor ensure the correct precedential interpretation of federal law. Rather, the federal court would be engaged primarily in the interpretation and application of state law, a task better left to the state courts, particularly where there is no indication that Congress intended to confer federal court jurisdiction.

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 12 of 16

In a case presenting issues similar to those at bar, the court in *Akins v. Radiator Specialty Company*[44], declined to find subject matter jurisdiction over claims alleging failure to warn and the inadequacy of warnings where uniform national warnings had been mandated by the Federal Hazardous Substances Act.[45]  With respect to *Grable's* second prong, the court opined:

> a federal statutory scheme that would present at the doors of the District Courts any civil action based entirely upon state law claims, but which contain within them an embedded federal issue regarding the labeling of hazardous substances seems to be contrary to the intent of Congress.  The jurisdiction of the district courts is traditionally limited.  Accordingly, to read the FHSA as creating an area of complete preemption would indicate a thread of distrust by Congress of the states' ability to adjudicate their legally established causes of action as well as a willingness to accept for adjudication a field of negligence, products liability and related claims, neither of which propositions this Court finds to be within the FHSA statutory scheme and the jurisdictional powers of district courts in general.[46]

Finally, shortly after *Grable* was decided, the Supreme Court in *Empire Healthchoice Assurance, Inc. v. McVeigh* had an opportunity to clarify *Grable*'s reach, limiting it to a "special and small" and "slim" category of cases in which the resolution of the federal question was "both dispositive of the case and would be controlling in numerous other cases."[47]  In *Empire Healthchoice*, the

---

*Id.* at 587.

[44] 2006 U.S. Dist. LEXIS 71076 (W.D. Pa. Sept. 29, 2006).

[45] 15 U.S.C. §§ 1261-1278.

[46] 2006 U.S. Dist. LEXIS 71076, at *23.

[47] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 13 of 16

Supreme Court observed that *Grable* presented "a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous tax cases,'" in contrast to the "fact-bound" case before it.[48] The *Empire Healthchoice* Court concluded that the state court was competent to apply whatever federal law was necessary in the circumstances, and affirmed the lack of federal question jurisdiction.

Turning to the legislation at issue here, defendants have identified no cases concerning the Labeling Act[49] that have been found to have implicated a federal question for removal purposes. Indeed, it appears that few courts have had an opportunity to consider whether complaints referring to or implicating obligations under the Labeling Act present a federal question sufficient to invoke federal question jurisdiction. In an early removal case decided before *Cippolone*, *Mangini v. R.J. Reynolds Tobacco Co.*,[50] the court found that the defendant's removal on federal question grounds was "improvident." In *Mangini*, plaintiff had alleged that

---

[48] *Id.* at 700-01 (citation omitted). Although the case involved contractual rights contemplated under the Federal Employees Health Benefits Act of 1959, 5 U.S.C.S. § 8901 *et seq.*, the Court observed that the right sued upon was not "created by federal statute." 547 U.S. at 697.

[49] The Federal Cigarette Labeling and Advertising Act (15 U.S.C. §§ 1331 *et seq*.)was first enacted in 1965 (Pub. L. No. 89-92, § 4, 79 Stat. 282) (effective January 1, 1966). As enacted in 1965, the Act was to expire on July 1, 1969. Congress then amended the Act in the Public Health Cigarette Smoking Act of 1969 (Pub. L. No. 91-222, § 4, 84 Stat. 88)(enacted in 1970).

[50] 793 F. Supp. 925, 927-28 (N.D. Cal 1992).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 14 of 16

defendant's advertising had violated both the Labeling Act and California law.  Defendant argued that the claim arose under federal law because whether certain conduct violated the Labeling Act was "the only element" of plaintiff's action.  Relying on *Merrell Dow*,[51] the *Mangini* Court found that where the federal law in question (the Labeling Act) did not provide a private right of action, "a state law action based on its violation perforce does not raise a 'substantial' federal question."[52]

Likewise, in *Hodges v. Liggett Group Inc.*[53], defendants removed the action to federal district court on the basis that the case presented a federal question because some or all of the plaintiffs' claims were completely preempted by the Labeling Act.  The court concluded that at most the Labeling Act provided a defense to some of plaintiffs' causes of action.  Because an anticipated defense was not part of the plaintiffs' claim, removal was not proper on that basis, and the case was remanded.

---

[51]   478 U.S. 804; see note 34, *supra*.

[52]   *793 F. Supp. at 927* (quoting *Utley v. Varian Associates, Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987)).

[53]   60 F. Supp. 2d 627 (S.D. TX 1999).  See also *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009)(finding the case should have been remanded to state court because there was no complete diversity and "removal was based on a meld of the implied preemption doctrine from the federal question context").

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 15 of 16

In this case, despite the absence of decisions in which courts have found federal question jurisdiction over failure to warn claims brought in connection with cigarette use, defendants nevertheless urge this Court to apply *Grable* and find that Brown's complaint implicates significant federal issues making removal appropriate. This the Court must decline to do.

Viewing this case in light of the applicable authorities, it is apparent that defendants have not met their burden of demonstrating that plaintiff's complaint raises a federal question meriting jurisdiction under Section 1331, and thus that removal was proper. First, according to *Cippolone* and *Altria Group v. Good*, the Labeling Act does not completely preempt the entire area of law governing the "territorial-law tort claims" raised in Brown's complaint. At most, preemption may provide a defense to one or more of the claims, and such defenses would not provide the ticket into the federal district court.

Second, Brown does not allege any claim premised on a cause of action created by the Labeling Act. Nor do the claims depend on a particular construction of federal law or "involve interpretation of specific and unsettled language contained within a provision of federal law."[54]

Third, there is no "substantial" federal issue here because the Labeling Act reveals no clear congressional intent to confer

---

[54] *Kantha v. Pacific Life Insurance Company*, 2006 U.S. Dist. LEXIS 63285, at *6 (D.N.J. Sept. 6, 2006).

*Patrice Hale Brown v. Lorillard, Inc., et al.*
Civil No. 2011-06
Page 16 of 16

federal jurisdiction over cases involving cigarettes, or the warnings related to their sale and use.

Finally, there is no basis to conclude that the ordinary division of state-federal judicial responsibility warrants this Court to refrain from remanding these admittedly "territorial-law tort claims" to the Superior Court. As noted in *Akins*, opening the district court's doors to these claims seems contrary to the intent of Congress in limiting federal court jurisdiction. In sum, this case, which does not involve an area of complete preemption, and does not assert a right created by federal law, does not fit within the narrow class of cases described by *Grable.*

Accordingly, it is hereby respectfully RECOMMENDED that plaintiff Brown's motion to remand be GRANTED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

**DATED**: August 22, 2011         S\_____
                                           **RUTH MILLER**
                                **United States Magistrate Judge**